# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:10-CR-78 |
| | § | |
| ADAM JENNINGS, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 3, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Jay Combs.

Adam Jennings was sentenced on December 1, 2011, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Transportation of Child Pornography-18 U.S.C. § 2252(a)(l), a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 37 and a criminal history category of I, was 210 to 262 months. Upon receiving a downward departure based upon a binding plea agreement, Adam Jennings was subsequently sentenced below the advisory guideline range to 120 months imprisonment followed by a 5-year term of supervised release, subject to the standard conditions of release, plus special conditions to include: financial disclosure; drug testing and treatment; sex offender treatment; mental health treatment; no contact with minors under 18 years of age; not possess or view sexually explicit

REPORT AND RECOMMENDATION – Page 1

conduct in any form of media or live venue; submit to a search of person, property, house, residence, vehicle or papers, and effects at anytime, with or without a warrant, based upon reasonable suspicion; not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability, cellular telephones with internet capability, computers, computer peripherals, laptop computers, iPods, Personal Digital Assistants (PDAs), portable data storage devices such as thumb drives and Flash memory, or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection; refrain from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment; and a $100 special assessment. On April 10, 2019, Adam Jennings completed his period of imprisonment and began service of the supervision term.

On May 13, 2019, this case was reassigned to The Honorable Amos L. Mazzant, III. On September 8, 2019, the term of supervised release was revoked, and he was sentenced to 8 months imprisonment followed by a 5-year term of supervised release under the same conditions previously imposed, with the first six (6) months of supervised release to be served in a residential reentry facility. On March 30, 2020, Mr. Jennings completed his period of imprisonment and began service of the supervision term.

On July 29, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 79, Sealed]. The Petition asserted that Defendant violated three (3) conditions of supervision, as follows: (1) You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children; (2) You must not purchase, possess, have contact with, or use devices to include cellular telephones with

photographic capability; cellular telephones with internet capability; laptop computers; iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory, wireless or dedicated connection. You must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment; and (3) You must reside in a residential reentry facility for the first six months of the supervised release term.

The Petition alleges that Defendant committed the following acts: (1) Upon forensic investigation of a cellular device found in Mr. Jennings' possession, his telephone was found to contain 19 videos and approximately 25,000 pictures containing sexually explicit conduct; (2) On June 18, 2020, the U.S. Probation Officer viewed Mr. Jennings' cellular telephone. He was found to be in possession of a smartphone containing an active data plan with internet capability. The officer observed and Mr. Jennings' admitted to accessing Amazon and his personal checking account via this cellular device; and (3) Mr. Jennings was sanctioned and is scheduled to be unsuccessfully discharged from the residential reentry center-Volunteers of America, Hutchins, Texas, due to rule infractions of: possessing a smartphone, possessing pornography on his telephone, and making deliberate efforts to consume alcohol.

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations in the Petition. Having considered the Petition and the plea of true to allegations 1-3, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court. The Government also waived their right to file objections.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked.  The undersigned recommends an upward departure due to a significant downward departure at Defendant's sentencing from 210 to 262 months to 120 months imprisonment and also because of Defendant's blatant disregard toward adherence and attempts to circumvent the conditions of supervision.  The undersigned recommends that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, with a term of supervised release of forty-eight (48) months to follow.

The Court further recommends the imposition of the standard conditions adopted by the Court and the re-imposition of special conditions originally imposed by the Court: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring compliance with imposed computer restrictions and your ability to obtain and maintain lawful employment; (2) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (3) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged.  This includes taking any mental health medication as prescribed by your treating physician.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program.  You must pay any cost associated with treatment and testing; (4) You must participate in sex offender treatment services.  These services may include psycho- physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk

to the community. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session; (5) You must not have direct or indirect contact with children under the age of 18 unless supervised by an adult approved by the probation officer; (6) You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material; (7) You must submit to a search of your person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of your conditions of supervision; (8) You must not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. You must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment. You must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of

recording and/or photographic equipment; (9) You must not possess or consume alcoholic beverages; (10) You must reside in a Residential Reentry Center or similar facility, in a prerelease component, for a period of 180 days to commence upon release from confinement and must observe the rules of that facility.  Should you obtain a residence approved by the probation officer during the 180-day placement, you shall be released.

     The Court also recommends that Defendant be housed at a Bureau of Prisons facility in the North Texas area, if appropriate.

     **SIGNED this 15th day of September, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE