IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § vs. § § § § ADAM JENNINGS (1) § § | CASE NO. 4:10-CR-78-ALM |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On March 9, 2022, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Ryan Locker. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Transportation of Child Pornography, a Class C felony, Adam Jennings ("Defendant") was sentenced on December 1, 2011 by United States District Judge Richard A. Schell. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 37 and a criminal history category of I, was 210 to 262 months. In accordance with a binding plea agreement, Judge Schell sentenced Defendant to 120 months of imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include: financial disclosure, substance abuse aftercare, sex offender aftercare, mental health aftercare, prohibited from contact with minors under the age of 18, prohibited from possessing sexually explicit material, shall submit to search, prohibited from the purchase, possession, or use of any

1

device with internet, photographic, or digital recording capabilities, and a $100 special assessment. Defendant completed his term of imprisonment and started his term of supervised release on April 10, 2019.  The case was re-assigned to United States District Judge Amos Mazzant on May 13, 2019.

Defendant's supervised release was revoked on September 8, 2019 and he was sentenced to 8 months of imprisonment followed by a 5-year term of supervised release.  Defendant completed his term of imprisonment and started his term of supervised release on March 30, 2020. This term of supervised release was revoked on September 18, 2020 and Defendant was sentenced to 12 months of imprisonment followed by a 48-month term of supervised release.  The term of supervised release was subject to the standard conditions of supervised release, plus the same special conditions previously imposed and an additional condition to refrain from possessing or consuming alcoholic beverages.  The conditions were modified on January 14, 2022 to add a condition for placement in a Residential Re-entry Center for 180 days.  Defendant completed his term of imprisonment and began service of his term of supervised release on August 11, 2022.

*Allegations*

In the petition seeking to revoke Defendant's supervised release, filed on February 15, 2022, United States Probation Officer Alan Elmore alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (special condition)**: **The defendant must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct.  For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children.  The defendant must provide the**

**probation officer with access to any requested financial information to determine if he has purchased, viewed, or possessed sexually explicit material.** It is alleged that Defendant was found in possession of a smartphone on December 17, 2021. Browsing history on the phone indicated that Defendant had viewed sexually explicit material, to include adult pornography, on numerous occasions since September 14, 2021. Additionally, it is alleged that the phone had numerous sexually explicit images of Defendant that were taken by Defendant.

2. **Allegation 2 (special condition): The defendant must not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability, cellular telephones with internet capability, laptop computers (other than a computer approved by the probation office which may be subject to monitoring), iPods, Personal Digital Assistants (PDAs), portable data storage devices such as thumb drives and Flash memory, or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant must also refrain from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment.** It is alleged that during a home visit on December 17, 2021, Defendant was found in possession of an unauthorized internet-capable device; specifically, a Motorola smartphone. It was determined that Defendant had been in possession of the phone since at least September 14, 2021. It is also alleged that during a home visit on February 10, 2022, Defendant was found in possession of an unauthorized internet-capable device; specifically, a Samsung

smartphone. It was determined that Defendant had been in possession of the phone since at least January 17, 2022.

3. **Allegation 3 (special condition): The defendant must not possess or consume alcoholic beverages.** It is alleged that during a December 17, 2021 home visit, Defendant was found in possession of alcoholic beverages and that he admitted to purchasing and consuming alcohol since the middle of October 2021. It is also alleged that during a February 10, 2022 home visit, Defendant was found in possession of alcoholic beverages and that he admitted to purchasing and the consuming the alcohol that was found.

## *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

original criminal history category was I.  The Guidelines, therefore, provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment.  U.S.S.G. § 7B1.4(a).

### *Hearing*

On March 9, 2022, Defendant appeared for his final revocation hearing.  The parties announced that they reached an agreement for Defendant to enter a plea of true to the petition and to jointly request a sentence of 4 months with no further supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to the allegations in the petition.  Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that the allegations in the petition are true.  Defendant is guilty of a Grade C supervised release violation.  To date, Defendant has served a cumulative 20 months of imprisonment on his prior revocations, leaving 4 months remaining on the statutory maximum of 24 months of imprisonment. I find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 4 months of imprisonment with no further supervised release.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**.  It is further recommended that Defendant be sentenced to 4 months of imprisonment with no further

supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 4 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 9th day of March, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE